## RENSSELAER COUNTY COURT.

### MILO DANIELS agt. EDWIN F. ROGERS.

A *notice of appeal* from a justice's judgment may *properly be served* on the respondent *personally*, although such service is made at the residence of the latter, which is in *another county* from that in which the justice, the appellant and the attorneys for both parties reside, and where the judgment was rendered.

Service personally in such cases, may be made upon the party any where, either in or out of the county where the justice resides.

*October Term*, 1868.

MOTION to dismiss appeal.   On the 24th day of July, 1868, Daniels recovered a judgment against Rogers for $29.50 damages and $11.73 costs, in the justices' court, from which judgment Rogers on the 7th day of August, 1868, appealed to this court on questions of law only; which appeal and all proceedings thereon, Daniels moved this court at this term to dismiss and set aside.   Notice of the motion was given by and in the name of B. C. Strait, attorney of Daniels, for the purposes of the motion only, by whom it was on the 19th day of October, 1868, served on Duncan McFarland, the attorney for Rogers on the appeal.

It appeared by the papers on the motion, that Strait appeared for Daniels and MacFarland appeared for Rogers, before the justice; that the place of residence of Strait, MacFarland and the justice, was at Nassau in the county of Rensselaer; that the place of ressdence of Daniels at the time of the service of the notice of appeal on him, was at New Lebanon, Columbia county, where said notice was served on him personally, and not on his attorney or agent, who tried the cause, and resided in the county of Rensselaer; on which account he asks to have the service, appeal and proceedings thereon, dismissed and set aside as irregular and void, as they were claimed to be by him.   That at the time of service

thereof, Rogers' attorney was ignorant of the location of the line dividing the counties of Rensselaer and Columbia, and of the residence of Daniels in the last mentioned county ; and that the notice so served was retained by Daniels and his attorney, without dissatisfaction expressed or objection made or return offered by either of them or any knowledge of the same by Rogers, or his attorney , prior to the service of the notice of motion by the former on the latter, whose appeal is *bona fide.*

R. A. PARMENTER *and* B. C. STRAIT, *for Daniels.*
E. SMITH STRAIT *and* D. MACFARLAND, *for Rogers.*

J. ROMEYN, County Judge.    I think the motion should be denied; and this because:

1. The notice of appeal was well served whether Daniels was a resident or not resident of the county of Rensselaer; the provisions of the Code respecting it, divested of superfluous verbiage seeming to authorize it.    (*Code,* §§ 353, 354.)

2. If a service of it on his attorney or agent were necessary, it may well be inferred from his possession and use of it, which were confessedly delivered, directed to him, by Daniels, within the period allowed by law, for the service of it on him or them.

3. The reception from Rogers of the notice by Daniels and its retention by him or his attorney, without dissatisfaction expressed or objection made thereto, by him or his attorney to whom it had by him, been delivered, until the service of the moving papers for this motion on Rogers' attorney, and until the expiration of Rogers' time to appeal, of which, when service was made on Daniels there remained seven days in which service might have been made, by Rogers or his attorney, on Daniels or his attorney or agent, but by which laches of the latter the former was prevented from doing, operated as a waiver of any defect therein, or objection thereto, by or on the part of Daniels.    Five or six days

has been held to effect a waiver in such cases. (*Wright* agt. *Forbes*, 1 *How.* 240; *Knickerbocker* agt. *Loucks*, 3 *How.* 64; *Stillman* agt. *Whitney*, 1 *How.* 243; *Van Wyck* agt. *Hardy*, 20 *How.* 222–4.)

In analogy to service on an attorney which, when that is proper, may be made at any place at home or abroad, or in or out of his office, so service on a party when that is allowed may be made at any place, at home or abroad, or in or out of the county in which the justice resides, or the judgment of the justice was rendered. (1 *Dunlap Pr.* 320–5.)

The fact of the residence of Daniels in Columbia county, who seemed to have sued as a resident of Rensselaer, was concealed by him from Rogers, who was unadvised of his residence in Columbia county.

4. The residence of Daniels and his attorney being adjacent to that of Rogers and the justice, and the object of the notice being to apprize Daniels of a proceeding affecting a suit, in which he was a party, and service of it on him being at least as advantageous to him as service on the attorney or agent, who appeared for him before the justice, he could not have been misled or prejudiced thereby; such service if not within the letter being as much within the reason as if within the letter. (2 *Hill,* 414; 31 *N. Y. R.* 291.)

5. If Rogers' proceedings are void, as they are claimed to be by Daniels, granting the motion, while it will be unnecessary for the protection of Daniels, may be destructive to the redress of Rogers (1 *Code Rep.* 290.)

Motion denied with $10 costs.